IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JAMES LEIGHTY, ASHLEE §<br>LIEGHTY and AMANDA HELTON, §<br>each INDIVIDUALLY, and AS HEIRS §<br>TO THE ESTATE OF ROBERT §<br>EUGENE LEIGHTY, DECEASED §<br>    *Plaintiffs*, §<br>§<br>v. §<br>§<br>STONE TRUCK LINE, INC. and §<br>JARMANJIT SINGH §<br>    *Defendants*. § | CIVIL ACTION NO. 3:19-cv-2615 |

**DEFENDANTS STONE TRUCK LINE, INC. AND JARMANJIT SINGH'S
BRIEF IN SUPPORT OF THEIR MOTION TO TRANSFER VENUE**

**COME NOW**, Defendants Stone Truck Line, Inc. and Jarmanjit Singh ("Defendants") in the above entitled and numbered case, and files this their Brief in Support of their Motion to Transfer Venue from the Dallas Division of the Northern District of Texas to the Amarillo Division of the Northern District of Texas pursuant to 28 U.S.C. § 1404(a), and respectfully shows the Court as follows:

## I. INTRODUCTION

1.    This case involves a motor vehicle accident that occurred on Interstate 40 in Shamrock, Wheeler County, Texas. *See* Plaintiffs' Original Complaint [DOC 1], ¶¶ 9—10. No parties reside in the Dallas Division. *See* Plaintiffs' Original Complaint, [DOC 1], ¶¶ 1—6. In addition:

    a) The accident location in Shamrock, Wheeler County, Texas and the non-party witnesses who reside therein, are over 300 miles from the Dallas Division of the Northern District of Texas, but less than approximately 100 miles from the Amarillo Division of the Northern District of Texas.

    b) Plaintiffs claim to reside in Marion County and Morrow County, Ohio which is over 1,000 miles from both the Dallas and Amarillo Divisions of the Northern District of Texas. *See* Plaintiffs' Original Complaint [DOC 1], ¶¶ 1—3.

    c) Defendant Stone Truck Lines, Inc. is located in Fresno, California which is approximately 1,559 miles from the Dallas Division of the Northern District of Texas, but only 1,199 miles from the Amarillo Division of the Northern District of Texas. *See* Plaintiffs' Original Complaint [DOC 1], ¶ 4.

    d) Defendant Jarmanjit Singh is alleged to live in Fresno, California which is approximately 1,559 miles from the Dallas Division of the Northern District of Texas, but only 1,199 miles from the Amarillo Division of the Northern District of Texas. *See* Plaintiffs' Original Complaint [DOC 1], ¶ 5.

2.    Should this case not be transferred to the Amarillo Division of the Northern District of Texas, it will force the parties and non-party witnesses to travel additional miles each way to attend judicial proceedings and trial in this matter.

3.    In the interest of justice and for the convenience of the parties and non-party witnesses in this lawsuit, this Court should transfer Plaintiffs' claims from the Dallas Division to the Amarillo Division of the Northern District of Texas, which is more convenient for the parties and non-party witnesses, and the proper division given the location of the incident made the basis of this lawsuit.

## II. BACKGROUND

4.    This lawsuit arises from a motor vehicle accident that occurred on September 12, 2019 on Interstate 40 in Shamrock, Wheeler County, Texas. *See* Plaintiffs' Original Complaint [DOC 1], ¶¶ 6—10. Shamrock, Texas is a city located in Wheeler County which is located in the Amarillo Division of the Northern District of Texas. Following the accident, Plaintiffs brought

suit in the Dallas Division of the Northern District of Texas—over 300 miles away from the scene of the accident.

5. Shamrock, Wheeler County, Texas, where the accident occurred, falls within the Amarillo Division of the Northern District of Texas. *See* 28 U.S.C.A. § 124(c)(1) (Texas).[1] Moreover, the accident occurred on Interstate 40, and within the State of Texas, Interstate 40 is located only within the Amarillo Division of the Northern District. Simply put, the Dallas Division of the Northern District of Texas has no connection to the acts that form the basis of Plaintiffs' claims, and no legitimate interest in the resolution of those claims.

6. The Amarillo Division of the Northern District has a local interest in this case and is a far more convenient forum to the witnesses and the parties. Transferring this case to the Amarillo Division would be in the interest of justice.

### III. ARGUMENT & AUTHORITIES

7. Where—as here—the "case has no connection to the transferor forum [Dallas Division] and virtually all of the events and witnesses regarding the case . . . are in the transferee forum [Amarillo Division]," the Fifth Circuit has advised district courts of the "inadvisability of denying transfer." *In re Radmax, Ltd.*, 720 F3d 285, 290 (5th Cir. 2013).

8. Defendants seek transfer of the lawsuit to the Amarillo Division of United States District Court for the Northern District of Texas pursuant to 28 U.S.C. § 1404(a). Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

---

[1] *See also* UNITED STATES DISTRICT NORTHERN DISTRICT OF TEXAS: Court Locator, http://www.txnd.uscourts.gov/court-locator (last visited Nov. 20, 2019).

9. The purpose of section 1404 is to "prevent the waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Data Treasury Corp. v. First Data Corp.*, 243 F. Supp. 2d 591, 593 (N.D. Tex. 2003). Although a district court is afforded broad discretion in deciding whether to order a transfer, and will not be reversed absent an abuse of discretion, the Fifth Circuit has more recently advises against denying a request for transfer. *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989); *In re Radmax, Ltd.*, 720 F3d at 290.

10. A defendant requesting transfer must show that the court would best serve the interests of convenience and justice by granting the transfer. *See Wolf Designs, Inc. v. Donald McEvoy Ltd., Inc.*, 355 F. Supp. 2d 848, 851 (N.D. Tex. 2005). In examining the convenience to parties and witnesses and whether the transfer is in the interest of justice, the court considers a mix of public and private factors. *See In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). None of these factors on its own is dispositive. *Id.* Instead, the court should analyze the private and public factors as a whole to determine whether intra-district transfer is proper. *Monroe v. Walmart Stores Texas, LLC*, No. 2:11-CV-329-JRG, 2012 WL 3887006, at *2 (E.D. Tex. Sept. 6, 2012).

11. The private interest factors include: (1) the convenience of parties and witnesses; (2) the cost of attendance of witnesses and other trial expenses; (3) the availability of compulsory process; (4) the relative ease of access to sources of proof; (5) the place of the alleged wrong; (6) the possibility of delay and prejudice; and (7) the plaintiff's choice of forum. *See In re Volkswagen AG*, 371 F.3d at 203 (citing *Piper Aircraft v. Reyno*, 454 U.S. 235, 241 n. 6 (1981)).

12. As noted however, the Fifth Circuit has cautioned of the "inadvisability of denying transfer . . . where the case has no connection to the transferor forum and virtually all of the events and witnesses regarding the case . . . are in the transferee forum." *In re Radmax, Ltd.*, 720 F3d at

290. In addition, "the traditional deference given to plaintiff's choice of forum . . . is less" in cases such as this one involving "intra-district transfers." *Id*. at 289 (quoting 17 *Moore's Federal Practice*, at § 111.21[2] (3d Ed.)).

13. The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary conflict of law problems. *See In re Volkswagen AG*, 371 F.3d at 203.

14. Factors relevant to the "interest of justice" determination include: (1) the pendency of related litigation in another forum; (2) delays due to docket congestion; (3) familiarity with the law that governs the action; and (4) the local interest in having localized controversies resolved at home. *Von Graffenreid v. Craig*, 246 F. Supp. 2d 553, 562-63 (N.D. Tex. 2003).

15. As demonstrated in detail below, the balance of convenience and justice substantially weighs in favor of transfer to the Amarillo Division of the Northern District.

### A. Suit Could Have Been Brought in the Amarillo Division of the Northern District

16. When no other statute provides for specific venue, proper venue in federal court is determined by 28 U.S.C. § 1391(b). A civil action can be brought in a judicial district in which any defendant resides, if all defendants are residents of the state in which the district is located, or in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. *See* 28 U.S.C. § 1391(b) (1), (2). As indicated in *Plaintiffs' Original Complaint*, the Northern District of Texas is a proper venue in this matter because it is the judicial district wherein a substantial part of the events or omissions giving rise to the claim occurred. *See* Plaintiffs' Original Complaint [DOC 1], ¶ 6. The motor vehicle accident in question occurred in Shamrock, Wheeler County, Texas which is located within the Amarillo Division of the Northern District of

Texas. *See* Plaintiffs' Original Complaint [DOC 1], ¶¶ 6—10; *see also* 28 U.S.C.A. § 124(c)(1) (Texas).[2] Accordingly, this suit could have been brought within the Amarillo Division originally.

### B. The Private Interest Factors Weigh in Favor of the Amarillo Division

#### a. <u>The convenience of the parties and witnesses.</u>

17. The convenience of non-party witnesses—as opposed to the parties—is often regarded as the most important factor to be considered in deciding whether to transfer venue. *See Travelers Indemnity Co. v. National Union Fire Ins. Co.*, No. 3:02-CV-0585-G, 2002 WL 1575409 at *2 (N.D. Tex. July 16, 2002). Venue is considered convenient where the majority of the witnesses are located. *Shoemaker v. Union Pacific R.R. Co.*, 233 F. Supp. 2d 828, 832 (E.D. Tex. 2002).

18. The principle witnesses in this case are those involved in the accident, any witnesses, the investigating police officer(s), and the medical providers—none of whom are likely to be located in the Dallas Division. The accident occurred in Shamrock, Wheeler County, Texas on Interstate 40. *See* Plaintiffs' Original Complaint [DOC 1], ¶¶ 6 and 9. The accident location is less than 100 miles from Amarillo as opposed to being approximately 300 miles from Dallas. Where the "distance between an existing venue for trial of a matter and a proposed venue under 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be travelled." *In re Volkswagen AG*, 371 at 204-05.

19. Amarillo's location will be much more convenient and cost-effective for a variety of key non-party witnesses. "It is the convenience of non-party witnesses . . . that is the more important factor and is accorded greater weight in a transfer of venue analysis." *See Wylie v. Style Crest Enter., Inc.*, 2013 WL 5729810, at *3 (N.D. Tex. October 22, 2013, Horan, J.).

---

[2] *See also* UNITED STATES DISTRICT NORTHERN DISTRICT OF TEXAS: Court Locator, http://www.txnd.uscourts.gov/court-locator (last visited Nov. 20, 2019).

20. Witnesses—including the investigating officer, first responders and emergency medical services (EMS), wrecker services, and others with knowledge regarding the weather and road conditions at the time of accident on September 12, 201—would likely reside in and around Shamrock, Wheeler County, and would certainly benefit from the case being transferred to Amarillo.  Most, if not all of the non-party witnesses—including the investigating officer, EMS, wrecker services, and witnesses to the accident and road or weather conditions at the time of the accident—will be located in and around the city of Shamrock and Wheeler County, Texas.  It is therefore far more convenient for the Plaintiffs, Defendants, and any non-party witnesses to litigate in the Amarillo Division.

### b. Cost of attendance of witnesses and trial expenses.

21. The cost of obtaining the attendance of the various nonparty witnesses weighs in favor of trial in Amarillo.  The investigating officer, and almost all non-party witnesses will be located either in or around the city of Shamrock or in Wheeler County (which is located in the Amarillo Division).

### c. Availability of process to compel the presence of unwilling witnesses.

22. This factor also heavily favors transfer because the vast majority, if not all, of the relevant non-party witnesses in this case are more than 300 miles from the Dallas Division, and are thus outside of the subpoena power of this Honorable Court.  *See* Fed. R. Civ. P. 45 (c).

23. The accident location in Shamrock, Wheeler County, Texas is less than approximately 100 miles from Amarillo (but is approximately 300 miles from Dallas). Accordingly, these witnesses would more likely be within the subpoena power of courts within the Amarillo Division.

### d. Relative ease of access to sources of proof.

24. Accessibility and location of sources of proof also weighs in favor of transfer, especially in cases such as this where the "collision site" and "physical evidence related to the accident" are located in or around Shamrock, Wheeler County in the Amarillo Division. *See Wylie*, 2013 WL 5729810, at *4. In contrast, there are likely few if any sources of proof located within the Dallas Division. Accordingly, this factor weighs in favor of transfer to the Amarillo Division of the Northern District.

### e. The place of the alleged wrong.

25. The alleged wrong occurred on Interstate 40 in Shamrock, Wheeler County, Texas which is located within the Amarillo Division of the Northern District. *See* 28 U.S.C.A. § 124(c)(1) (Texas).[3] Therefore, this factor weighs in favor of transfer to the Amarillo Division.

### f. The possibility of delay and prejudice.

26. The Fifth Circuit has noted that only in "rare and special circumstances" will the factor of delay and prejudice be relevant to deciding the propriety of transfer and, even then, only if such circumstances are established by clear and convincing evidence. *In re Horseshoe Ent.*, 337 F.3d at 434; *see also In re Radmax, Ltd.*, 720 F3d at 289 (holding that "garden-variety delay associated with transfer is not to be taken into consideration when ruling on a § 1404(a) motion to transfer venue.")

27. Here, there is no clear and convincing evidence that this case will be delayed or that Plaintiffs will, in any way, be prejudiced by transfer to the Amarillo Division of the Northern District. In fact, all indications are that this case will not suffer any delay upon being transferred

---

[3] *See also* UNITED STATES DISTRICT NORTHERN DISTRICT OF TEXAS: Court Locator, http://www.txnd.uscourts.gov/court-locator (last visited Nov. 20, 2019).

to the Amarillo District, because the majority of the non-party witnesses and evidence are located in and around Shamrock, Wheeler County. Therefore, this factor weighs in favor of transfer.

### g. Plaintiff's choice of forum.

28. The Fifth Circuit has cautioned of the "inadvisability of denying transfer where only plaintiff's choice weighs in favor of denying transfer and where the case has no connection to the transferor forum and virtually all of the events and witnesses regarding the case . . . are in the transferee forum." *In re Radmax, Ltd.*, 720 F3d at 290. In addition, "the traditional deference given to plaintiff's choice of forum . . . is less" in cases such as this one involving "intra-district transfers." *Id*. at 289.

29. As detailed throughout this Brief, (1) none of the operative facts took place in the Dallas Division, (2) none of the parties or non-party witnesses reside in the Dallas Division, and (3) this case "has no connection" to the Dallas Division. *In re Radmax, Ltd.*, 720 F.3d at 290. Rather, all of the alleged facts took place within the Amarillo Division of the Northern District of Texas.

30. This factor weighs in favor of transfer to the Amarillo Division of the Northern District.

## C. The public factors weigh in favor of transfer to the Amarillo Division.

### a. There will be no administrative difficulty caused by court congestion.

31. This case does not appear to be particularly complex and should not require a lengthy trial. There is no indication that the Amarillo Division is significantly more congested than the Dallas Division. Accordingly, this factor neither weighs against nor in favor of transfer.

### b. There is a local interest in adjudicating this dispute in the Amarillo Division.

32. The Dallas Division of the Northern District has no interest in adjudicating a lawsuit to which it has no connection. *In re Radmax, Ltd.*, 720 F3d at 290. None of the parties or non-

party witnesses likely reside in the Dallas Division, and none of the complained-of conduct occurred in the Dallas Division. In contrast, the Amarillo Division does have a local interest in the dispute as key non-party witnesses reside within the Amarillo Division and the accident occurred within the Amarillo Division. These facts weigh in favor of transfer to the Amarillo Division.

### c. **Both divisions are familiar with the forum and the governing law.**

33. Both Divisions are familiar with the law that will govern the case. This factor neither weighs against nor in favor of transfer.

### d. **There is no conflict of law issue.**

34. At this early stage of the litigation, there appears to be no problem with conflict of laws, in that the rules and laws applied will be essentially the same in either division. Therefore, this factor neither weighs against nor in favor of transfer.

## IV.   PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendants Stone Truck Line, Inc. and Jarmanjit Singh respectfully pray that the Court (1) grant its *Motion to Transfer Venue* and enter an order transferring venue of the suit to the Amarillo Division of the Northern District; and (2) for such other and further relief to which it may be entitled under law and equity.

DEFENDANTS STONE TRUCK LINE, INC. AND JARMANJIT SINGH' BRIEF IN SUPPORT                Page 10
OF ITS MOTION TO TRANSFER VENUE
2056284 / 1852.46

Respectfully submitted,


By: /s/ *David L. Sargent*
    **DAVID L. SARGENT**
    State Bar No. 17648700
    david.sargent@sargentlawtx.com
    **MARTHA M. POSEY**
    State Bar No. 24105946
    martha.posey@sargentlawtx.com

**SARGENT LAW, P.C.**
1717 Main Street, Suite 4750
Dallas, Texas 75201
(214) 749-6516 (direct – David Sargent)
(214) 749-6316 (fax – David Sargent)

**ATTORNEYS FOR DEFENDANTS STONE TRUCK LINE, INC. AND JARMANJIT SINGH**

## CERTIFICATE OF CONFERENCE

I certify that I complied with the meet and confer requirement Local Rule CV-7.1 via a phone call and email correspondence with Plaintiff's counsel, R. Reagan Sahadi, on November 22, 2019, regarding the matters set forth in the foregoing motion. In response, Plaintiff's counsel has advised that he is **OPPOSED** to the Motion.

/s/ *Martha M. Posey*
**MARTHA M. POSEY**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 25th day of November 2019, a true and correct copy of the foregoing document was served via ECF to Plaintiff's attorneys of record:

R. Reagan Sahadi
Sahadi Legal Group
414 S. Tancahua Street
Corpus Christi, Texas 78401

/s/ *David L. Sargent*
**DAVID L. SARGENT**

2056284 v.1