IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES LEIGHTY, ASHLEE LIEGHTY and AMANDA HELTON, each INDIVIDUALLY, and AS HEIRS TO THE ESTATE OF ROBERT EUGENE LEIGHTY, DECEASED<br>*Plaintiffs*,<br><br>v.<br><br>STONE TRUCK LINE, INC. and JARMANJIT SINGH<br>*Defendants.* | §§§§§§§§§§§§§ | CIVIL ACTION NO. 3:19-cv-2615 |

**DEFENDANTS STONE TRUCK LINE, INC. AND JARMANJIT SINGH'S
ANSWER TO PLAINTIFFS' ORIGINAL COMPLAINT SUBJECT TO DEFENDANTS'
MOTION TO TRANSFER VENUE**

**COME NOW**, Defendants Stone Truck Line, Inc. and Jarmanjit Singh ("Defendants") in the above entitled and numbered case, and files this their Original Answer in response to Plaintiffs' Original Complaint Subject to Defendants' Motion to Transfer Venue, and would respectfully show as follows

A. **ANSWER**

I.    THE PARTIES

A.  **Plaintiffs**

1.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments regarding Plaintiff James Leighty set forth in Paragraph 1 of Plaintiffs' Original Complaint.

2.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments regarding Plaintiff Ashlee Leighty set forth in Paragraph 2 of Plaintiffs' Original Complaint.

3. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments regarding Plaintiff Amanda Helton set forth in Paragraph 3 of Plaintiffs' Original Complaint.

**B. Defendants**

4. With respect to the averments contained in Paragraph 4 of Plaintiffs' Original Complaint, Defendants admit that Defendant Stone Truck Line, Inc. is incorporated in the State of California and was properly served.

5. With respect to the averments contained in Paragraph 5 of Plaintiffs' Original Complaint, Defendants admit that Defendant Jarmanjit Singh is a resident of the State of California and was properly served.

## II.     Jurisdiction

6. With respect to the averments contained in Paragraph 6 of Plaintiffs' Original Complaint, Defendants assert that venue is proper in the Amarillo Division of the Northern District of Texas, as the incident made the basis of this lawsuit occurred in Wheeler County, Texas. Defendants admit that that the parties are diverse and that Plaintiffs' Original Complaint sets out damages that exceed the amount in controversy requirement for jurisdiction in United States District Court. Defendants deny the remaining averments in Paragraph 6 of Plaintiffs' Original Complaint.

## III.     Facts

7. Defendants admit the averments contained and set forth in Paragraph 7 of Plaintiffs' Original Complaint.

8. Defendants admit the averments contained and set forth in Paragraph 8 of Plaintiffs' Original Complaint.

9. Defendants admit the averments contained and set forth in Paragraph 9 of Plaintiffs' Original Complaint.

10. Defendants deny all averments contained and set forth in Paragraph 10 of Plaintiffs' Original Complaint.

### IV. Negligence of Stone Truck, LLC (Stone Truck)

11. The averments contained in Paragraph 11 of Plaintiffs' Original Complaint are legal conclusions to which no response is required, to the extent a response is required, Defendants deny the averments contained in Paragraph 11 of Plaintiffs' Original Complaint.

12. Defendants admit the averments contained and set forth in Paragraph 12 of Plaintiffs' Original Complaint.

13. Defendants admit the averments contained and set forth in Paragraph 13 of Plaintiffs' Original Complaint.

14. Defendants deny all averments contained and set forth in Paragraph 14 of Plaintiffs' Original Complaint.

15. Defendants deny all averments contained and set forth in Paragraph 15, including subparts a. through l., of Plaintiffs' Original Complaint.

16. Defendants deny all averments contained and set forth in Paragraph 16 of Plaintiffs' Original Complaint.

### V. Negligence of Jarmanjit Singh (Singh)

17. The averments contained in Paragraph 17 of Plaintiffs' Original Complaint are legal conclusions to which no response is required, to the extent a response is required, Defendants deny the averments contained in Paragraph 17 of Plaintiffs' Original Complaint.

18. With respect to the averments contained in Paragraph 18 of Plaintiffs' Original Complaint, Defendants admit that Defendant Jarmanjit Singh was operating in the course and scope of his employment with Defendant Stone Truck Line, Inc. Defendants deny all other averments contained and set forth in Paragraph 18, including subparts a. through f., of Plaintiffs' Original Complaint.

19. Defendants deny all averments contained and set forth in Paragraph 19 of Plaintiffs' Original Complaint.

### VI. Gross Negligence and Malice Against Defendants

20. The averments contained in Paragraph 20 of Plaintiffs' Original Complaint are legal conclusions to which no response is required, to the extent a response is required, Defendants deny the averments contained in Paragraph 20 of Plaintiffs' Original Complaint.

21. Defendants deny all averments contained and set forth in Paragraph 21 of Plaintiffs' Original Complaint.

22. Defendants deny all averments contained and set forth in Paragraph 22 of Plaintiffs' Original Complaint.

### VII. Damages

23. The averments contained in Paragraph 23 of Plaintiffs' Original Complaint are legal conclusions to which no response is required, to the extent a response is required, Defendants deny the averments contained in Paragraph 23 of Plaintiffs' Original Complaint.

24. The averments contained in Paragraph 24 of Plaintiffs' Original Complaint are legal conclusions to which no response is required, to the extent a response is required, Defendants deny the averments contained in Paragraph 24 of Plaintiffs' Original Complaint.

25. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments regarding Robert Eugene Leighty set forth in Paragraph 25 of Plaintiffs' Original Complaint. To the extent a response is required, Defendants deny the averments contained in Paragraph 25 of Plaintiffs' Original Complaint.

26. Defendants deny all averments contained and set forth in Paragraph 26 of Plaintiffs' Original Complaint.

27. Defendants deny all averments contained and set forth in Paragraph 27 of Plaintiffs' Original Complaint.

28. Defendants deny all averments contained and set forth in Paragraph 28 of Plaintiffs' Original Complaint.

29. Defendants deny all averments contained and set forth in Paragraph 29 of Plaintiffs' Original Complaint.

30. Defendants deny all averments contained and set forth in Paragraph 30 of Plaintiffs' Original Complaint.

31. Defendants deny all averments contained and set forth in Paragraph 31 of Plaintiffs' Original Complaint.

32. Defendants deny all averments contained and set forth in Paragraph 32 of Plaintiffs' Original Complaint.

33. Defendants deny all averments contained and set forth in Paragraph 33 of Plaintiffs' Original Complaint.

34. Defendants deny all averments contained and set forth in Paragraph 34 of Plaintiffs' Original Complaint.

35. Defendants deny all averments contained and set forth in Paragraph 35 of Plaintiffs' Original Complaint.

36. Defendants deny all averments contained and set forth in Paragraph 36 of Plaintiffs' Original Complaint.

37. Defendants deny all averments contained and set forth in Paragraph 37 of Plaintiffs' Original Complaint.

### VIII.   Pre-Judgment and Post-Judgment Interest

38. The averments contained in Paragraph 38 of Plaintiffs' Original Complaint are legal conclusions to which no response is required, to the extent a response is required, Defendants deny the averments contained in Paragraph 38 of Plaintiffs' Original Complaint.

39. The averments contained in Paragraph 39 of Plaintiffs' Original Complaint are legal conclusions to which no response is required, to the extent a response is required, Defendants deny the averments contained in Paragraph 39 of Plaintiffs' Original Complaint.

### IX.   Jury Demand

40. To the extent a response is required, Defendants deny the averments contained in Paragraph 40 of Plaintiffs' Original Complaint.

### X.   Plaintiffs' Prayer

41. To the extent a response is required, Defendants deny the averments contained in Paragraph 41 of Plaintiffs' Original Complaint.

42. To the extent that any allegations have not been either expressly admitted or denied herein, Defendants deny all such allegations and averments.

## B. AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses in this case:

43. <u>Comparative Negligence</u>. Defendants would show that the damages, or liabilities of which Plaintiffs complains if any exist, are the result, in whole or in part, of the negligence of Robert Eugene Leighty, over whom Defendants did not control. The actions of Robert Eugene Leighty were the sole or contributing cause to the incident made the basis of this lawsuit, and such acts and/or omissions of Robert Eugene Leighty were the proximate, producing, contributing and/or sole cause of the damages to Plaintiffs, if any.

44. <u>Loss of Income:</u>  Defendants would show that pursuant to section 18.091 of the Texas Rules of Civil Practice and Remedies Code, to the extent that Plaintiffs are seeking recovery of past and future lost wages, evidence of this loss must be presented by Plaintiffs in the form of a net loss after reduction for income tax payments or unpaid tax liability to any federal income tax law.  Defendants further assert the protections contained in section 18.091 of the Texas Rules of Civil Practice and Remedies Code.

45. <u>Failure to Mitigate Damages</u>.  Defendants would further show that any injuries, damages, or liabilities complained of by Plaintiffs herein are the result, in whole or in part, of Plaintiffs failure to mitigate damages.

46. <u>Pre-Judgment Interest.</u>  For further answer, if same be necessary, Defendants further allege that Plaintiffs' claims for pre-judgment interest are limited by the damages and amounts set forth in: Chapter 304, Texas Finance Code; and Chapter 41, Texas Civil Practice and Remedies Code; as applicable to this case.

47. <u>Paid or Incurred Medical Expenses:</u>  Defendants would further show that Plaintiffs medical expenses should be limited to those actually paid or incurred by or on behalf of the

**DEFENDANTS STONE TRUCK LINE, INC. AND JARMANJIT SINGH'S ANSWER TO**     **Page 7**
**PLAINTIFFS' ORIGINAL COMPLAINT Subject to Defendants' Motion to Transfer Venue**
**2056298 / 1852.46**

claimant pursuant to Texas Civil Practice & Remedies Code section 41.0105 and *Haygood v. De Escabedo*, 256 S.W.3d 390, 395 (Tex. 2011).

48. <u>Unreasonable & Excessive Treatment & Expense:</u> Defendants would further show that the medical treatment, if any, claimed by Plaintiffs, individually or as heirs, as a result of this incident, were excessive and unnecessary and that the medical expenses claimed were unreasonable and unnecessary and were not proximately cause by any act and/or omissions by Defendants.

49. <u>Proportionate Responsibly:</u> Defendants would further show that any injuries, damages, or liabilities complained of by Plaintiffs herein are the result, in whole or in part, of Robert Eugene Leighty, and that pursuant to Chapter 33 of the Texas Civil Practices and Remedies Code, Defendants are entitled to have the trier of fact determine the percentage of responsibility with respect to each parties' causing or contribution to cause in any way the harm for which recover of damages is sought by Plaintiffs.

50. <u>Unavoidable Accident</u>: pleading further, if necessary, Defendants would show the accident complained of was an unavoidable accident over which Defendants had no control, or in the alternative, it was beyond the reasonable control or foreseeability of Defendants to prevent.

51. <u>Sudden Emergency</u>: Defendants further assert that they were confronted by a sudden emergency arising suddenly and unexpectedly, which was not proximately caused by any negligence on Defendants' part and which to a reasonable person, requires immediate action without time for deliberation. Defendants specifically deny that any act or omission of theirs was a producing cause of the injuries and damages, if any, claimed by the Plaintiffs in this cause of action.

52. <u>Limitation on Exemplary Damages</u>: Defendants would further show that Plaintiffs' claims for exemplary damages, if any, are controlled by and limited by §41.008 of the Texas Civil Practice and Remedies Code.

### C. AFFIRMATIVE DEFENSES AS TO EXEMPLARY DAMAGES

53. By way of further affirmative defense, Defendants alleges that to the extent Plaintiffs' seek recovery of unlimited exemplary damages against Defendant, such damages violate the State of Texas and United States Constitutions, including the excessive fines, due process, and due course of law clauses of the aforesaid Constitutions.

54. Defendants further alleges by way of constitutional challenge that to the extent Plaintiffs' seek exemplary damages pursuant to Texas law such law violates the due process clause of the Fourteenth Amendment to the United States Constitution and the excessive fines clause of the Eighty Amendment of the United States Constitution.

55. Pleading further, and without waiver of any of Defendants' defenses, Defendants specifically pleads the provisions of Chapter 41 of the Texas Civil Practice and Remedies Code including, but not limited to, §§41.001, 41.002, 41.003, 41.004, 41.005, 41.006, 41.007, 41.008, 41.009, 41.010, 41.001, 41.012 and 41.013.

56. Defendants would further show that, even if Plaintiffs prove the allegations in their complaint, any recovery of exemplary damages is limited by Chapter 41 of the Texas Civil Practice and Remedies Code.

57. In the alternative, Defendants plead a recovery, if any, in the cause for exemplary damages be limited by Chapters 41 and 101 of the Texas Civil Practice and Remedies Code.

58. Defendants would further show that Plaintiffs have sued Defendants for exemplary damages and that to award exemplary damages against Defendants would be in violation of the Texas and United States Constitutions as follows:

**Due Process**:

a) An award for punitive damages against Defendant, as pled by Plaintiffs, denies Defendant due process of law and is in violation of the Texas Constitution, Article I, §19, Amendments V and XIV to the United States Constitution for the following reasons:

   1) There is no statutory or reasonable ascertainable common law limitations on the amount of punitive damages Plaintiffs may recover against Defendants which denies Defendants fair notice of the maximum amount of punitive damages that may be awarded against it. Because an award of punitive damages is punitive or penal in nature, due process requires that a punitive damage award be subject to ascertainable limits and Defendant is entitled to notice of the maximum amount of any such penalty or fine that may be assessed against them.

   2) The factors that may be considered in determining the amount of punitive damages to be imposed upon the Defendant are vague and overly broad and fail to provide Defendant access to the Courts in due course of the law to provide for and provide a defense to an excessive award of punitive damages.

   3) The standard for recovery of exemplary damages, "gross negligence" is vague and overly broad and does not provide Defendant with adequate prior notice of conduct which would constitute the basis for an imposition of punitive damages and/or the amount of punitive damages that may be imposed.

   4) The imposition of exemplary damages, being punitive and penal in nature, requires proof of a higher standard than "preponderance of the evidence." Due process requires that Plaintiffs must establish the liability for and the amount of punitive damages by clear and convincing evidence.

**Ex Post Facto Law**:

a) Permitting recovery of punitive damages without previous notice to Defendant of the conduct which constitutes the basis for imposition of punitive damages and/or the maximum amount of such damages which could be imposed constitutes an imposition of an ex post facto law and penalty which violates Article I, §9 Clause 3 of the United States Constitution and Article I, §16 of the Texas Constitution.

**Excessive Fine:**

a) In addition to the allegations set forth above, an award of exemplary damages that is not based on reasonable guidelines, and which is not subject to a reasonable, ascertainable, maximal limitations constitutes the imposition of an excessive fine, in violation of Article I, §13 of the Texas Constitution, and Amendment 8 of the United States Constitution.

**Equal Protection**

a) Allowing a jury to set punitive damages based upon the wealth or net worth of a party or any financial considerations in regard to the parties and to authorize or allow imposition of punitive damages in light of such evidence or based upon such standard is a violation of the equal protection law of this country and this state, including Amendment IX of the United States Constitution and Article I, §3 of the Texas Constitution.

b) Chapter 41 of the Texas Civil Practice and Remedies Code provides a limitation on the amount of damages that can be awarded as punitive damages for the gross negligence of a tortfeasor. Such statutory limitation applies to an action in which a claimant seeks punitive damage as pursuant to a cause of action for recovery of damages for negligence resulting in personal injury or death. Defendant would show that Chapter 41 establishes an unlawful classification and unfairly discriminates against Defendant. This unfair discrimination denies equal protection under the law in violation of the United States and Texas Constitutions.

**Separation of Powers:**

a) The allowance of punitive damages against Defendant without a specific statute governing the maximum amount or the standards for determining the amount of the award constitutes a violation of the separation of powers doctrine as provided in Articles I, II and III of the United States Constitution. In effect, an award of exemplary damages in an amount to be determined by a jury without any limitations would constitute both the passage of a law which is a legislative function, and the trial under such law, which is a judicial function (determining the described conduct in setting the fine and forfeiture).

### D. CHAPTER 41 OF THE TEXAS CIVIL PRACTICE & REMEDIES CODE

59. In addition, and by way of further affirmative defense, Defendants specifically plead the limitations set forth in Chapter 41 of the Texas Civil Practice and Remedies Code:

a. §41.003, which requires (a) that Plaintiffs prove by clear and convincing evidence, as defined by §41.001 (2), that the harm with regard to which they seek recovery

resulted from fraud, malice or gross negligence; (b) that the burden may not be shifted to the Defendant or satisfied by evidence of ordinary negligence, bad faith or a deceptive trade practice; (d) that exemplary damages may be awarded only if the jury was unanimous in regard to finding liability for and the amount of exemplary damages; and (e) that the jury must be instructed as to the requirement of unanimity regarding a decision on exemplary damages.

b. §41.004, which states (a) that except as provided by Subsection (b), exemplary damages may be awarded only if damages other than nominal damages are awarded; and (b) exemplary damages may not be awarded to a claimant who elects to have his recovery multiplied under another statute.

c. §41.006, which requires that, in an action in which there are two or more Defendants, an award of exemplary damages must be specific as to the Defendants, and each Defendant is liable only for the amount of each award made against that Defendant.

d. §41.007, which precludes the assessment or recovery of prejudgment interest on awards of exemplary damages.

e. §41.008, which (a) requires the trier of fact to determine the amount of economic damages separately from the amount of other compensatory damages; and (b) places limitations on the Plaintiffs' recovery of exemplary damages to the greater of (1) two times the amount of economic damages, as defined by §41.001(4), plus an amount equal to non-economic damages found by the jury, not to exceed $750,000.00; or (2) $200,000.00.

f. §41.008(e), which provides that the preceding limitations may not be made known to the jury.

g. §41.009, which requires a bifurcated trial upon motion by any Defendant.

h. §41.010 and §41.012, which provide the jury instructions and considerations necessary before making and awarding exemplary damages.

i. §41.011, which provides the six areas of evidence that the trier of the fact shall consider relating to exemplary damages and providing that evidence that is relevant only to the amount of exemplary damages is not admissible during the first phase of a bifurcated trial.

j. §41.013, which sets forth the standard for judicial review of the award.

k. §41.0105, which states that in addition to any other limitation under law, recovery of medical or health care expenses incurred is limited to the amount of medical or health care expenses actually paid or incurred by or on behalf of the claimant.

60. In the event that this chapter does not apply, then:

a. There should be no recovery of exemplary or punitive damages for the reason that an award of such damage would be unconstitutional in failing to place a limit on the amount of such damage award; an award of such damages would be void for vagueness and violated of the Equal Protection Clause of the Fifth and Fourteenth Amendments to the U.S. Constitution; an award of such damages would violate Art 1, §10 and §13 of the Constitution of the State of Texas.

b. Any award of punitive damages would violate the Excessive Fines Clause of the Eighth Amendments to the United States Constitution.

c. Punitive damages are a form of punishment imposed by the Court, and the standard of proof to sustain such damages must be clear and convincing evidence to comport with the Due Process Clause of the Fourteenth Amendment of the United States Constitution, Section 19 of the Constitution of the State of Texas, or the Constitution and laws of any other state deemed to apply in this case.

d. Any award of punitive damages would be imposed under a standard of conduct formulated years after any of Defendant's actions; a retroactive application of the standard of conduct formulated years after any of Defendant's action; a retroactive application of the standard of conduct would be a violation of due process.

### E. JURY DEMAND

Defendants Stone Truck Line, Inc. and Jarmanjit Singh hereby asserts their rights under the Seventh Amendment to the U.S. Constitution and demands a trial by jury on all issues, in accordance with Federal Rule of Civil Procedure 38.

### F. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendants Stone Truck Line, Inc. and Jarmanjit Singh respectfully pray that Plaintiffs takes nothing by this action, that Defendants be awarded costs and reasonable attorney's fees pursuant to 29 U.S.C. § 1132(g), and that the Court grant Defendants any such other and further relief, general or special, at law or in equity, to which Defendants may be justly entitled.

Respectfully submitted,

By: /s/ *David L. Sargent*
    **DAVID L. SARGENT**
    State Bar No. 17648700
    david.sargent@sargentlawtx.com
    **MARTHA M. POSEY**
    State Bar No. 24105946
    martha.posey@sargentlawtx.com

**SARGENT LAW, P.C.**
1717 Main Street, Suite 4750
Dallas, Texas 75201
(214) 749-6516 (direct – David Sargent)
(214) 749-6316 (fax – David Sargent)

**ATTORNEYS FOR DEFENDANTS**
**STONE TRUCK LINE, INC. AND**
**JARMANJIT SINGH**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 25th day of November 2019, a true and correct copy of the foregoing document was served via ECF to Plaintiff's attorneys of record:

R. Reagan Sahadi
Sahadi Legal Group
414 S. Tancahua Street
Corpus Christi, Texas 78401

    /s/ *David L. Sargent*
    **DAVID L. SARGENT**

2056298 v.1