IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES LEIGHTY, ASHLEE LIEGHTY and AMANDA HELTON, each INDIVIDUALLY, and AS HEIRS TO THE ESTATE OF ROBERT EUGENE LEIGHTY, DECEASED<br><br>Plaintiffs<br><br>VS.<br><br>STONE TRUCK LINES INC. and JARMANJIT SINGH<br><br>Defendants | § § § § § § § § § § § § § § | CIVIL ACTION NO. 3:19-cv-2615 |

**PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANTS STONE TRUCK LINE, INC. AND JARMANJIT SINGH'S MOTION TO TRANSFER VENUE**

TO THE HONORABLE UNITED STATES MAGISTRATE JUDGE:

NOW COME JAMES LEIGHTY, ASHLEE LIEGHTY and AMANDA HELTON, each INDIVIDUALLY, and AS HEIRS TO THE ESTATE OF ROBERT EUGENE LEIGHTY, DECEASED, Plaintiffs, by and through the undersigned attorneys and file this, their Brief in Opposition to Defendants Stone Truck Line, Inc. and Jarmanjit Singh's Motion to Transfer Venue, and would respectfully show the Court as follows:

### I. EXHIBITS TO BRIEF

**1.** The following exhibits are attached hereto and incorporated herein by reference:

- Exhibit A: E-mail exchanges between parties' counsel's offices confirming October 17, 2019 inspection of Leighty motorcycle;

- Exhibit B: October 21, 2019 Agreement between counsel regarding release of Defendant Stone Truck Line, Inc.'s tractor-trailer;

- <u>Exhibit C</u>:  Flight information from Columbus, Ohio to Dallas and Amarillo; and
- <u>Exhibit D</u>:  Flight information from Fresno, California to Dallas and Amarillo.

## II.  FACTS AND BACKGROUND

**2.**   This lawsuit arises from a motor vehicle crash between a motorcycle driven by Plaintiffs' Decedent, and a tractor-trailer owned by Defendant Stone Truck Line, Inc. and driven by Defendant Jarmanjit Singh. Plfs' Orig. Complaint (Doc 1), pp. 2-3, ¶¶ 7-10.  The crash occurred September 12, 2019 on Interstate 40 in Wheeler County, Texas. *Id.*, p. 3, ¶ 9.  Wheeler County is in the Northern District of Texas.

**3.**   Plaintiffs James Leighty, Ashlee Leighty and Amanda Helton are all residents of Ohio.  (Doc 1), pp. 1-2, ¶¶ 1-3.  Defendants Stone Truck Line, Inc. and Jarmanjit Singh are residents of California. (Doc 1), p. 2, ¶¶ 4-5.  The Leighty motorcycle is located at Plaintiffs' counsel's facility in Goliad, Texas where it has already been inspected by the parties. *See* Exh. A.  The Stone Truck Line, Inc. tractor-railer has also already been inspected and downloaded, and the parties entered into an agreement for the release of said equipment. *See* Exh. B.  The lead attorney and law firm representing Plaintiffs is located in Corpus Christi, Texas. (Doc 1), p. 9.  The lead attorney and law firm representing Defendants is located in Dallas, Texas. (Doc 8), p. 14.  The only connection to Wheeler County is that the incident made the basis of this lawsuit occurred there.

**4.**   On November 25, 2019, Defendants Stone Truck Line, Inc. (hereinafter "Stone") and Jarmanjit Singh (hereinafter "Singh") filed their Motion to Transfer Venue (Doc 6) and Brief in Support thereof (Doc 7) requesting transfer of venue from the Dallas Division to the Amarillo Division of the Northern District of Texas. Defendants basic overall reasoning for transferring the case is for the convenenience of the parties

and non-party witnesses in this lawsuit. *Id*. Plaintiffs will demonstrate herein that in fact, the Dallas Division of the Northern District of Texas is a much more convenient venue for those involved, and therefore, maintaining the case in the Dallas Divison is in the interest of justice.

### III. ARGUMENT AND AUTHORITIES

5. This case was properly filed in the Northern District of Texas as a substantial part of the events giving rise to the Plaintiffs' claim occurred there. 28 U.S.C. § 1391(b)(2). A motion to transfer venue between divisions is allowed for the convenience of the parties and in the interest of justice but the motion will only be granted if "the movant shows that the transferee venue is clearly more convenient. " *In re Radmax*, Ltd., 720 F.3d 285, 288 (5th Cir 2013). The movant bears this burden. *Id*.; *Garza v. Universal Healthcare Servs*., 2016 U.S. Dist. LEXIS 176120 (S.D. TX. Dec. 20, 2016). An array of "public and private interest factors are relevant when a court is determining if a case should be transferred." *Id*.; *In re Volkswagen of Am. Inc.* ("Volkswagen II"), 545 F.3d 304, 315 (5th Circ. 2008) (en banc) (citing *In re Volkswagen AG* ("Volkswagen I"), 371 F.3d 201, 203 (5th Cir. 2004)) (citing *Piper Aircraft*, 454 U.S. at 241 n. 6, 102 S.Ct. 252); *see also Grant v. C.R. England, Inc.*, Civ. A. No. H-10-30649, 2011 U.S. Dist. LEXIS 52, 2011 WL 11203 at *4 (S.D. TX, Jan. 3, 2011. The private factors are as follows:

(1) the relative ease of access to sources of proof;

(2) the availability of compulsory process to secure the attendance of witnesses;

(3) the cost of attendance for willing witnesses;

(4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Id*.

The public factors are as follows:

(1) the administrative difficulties flowing from court congestion;

(2) the local interest in having localized interests decided at home;

(3) the familiarity of the forum with the law that will govern the case;

(4) avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id*.

### a. Private Interest Factors

**6.** The private interest factors are not such that they are "clearly more convenient" to transfer this case to the Amarillo Division. There is relative ease of access to sources of proof in this matter as it stands.

    a. The Leighty vehicle is located in Goliad, Texas, rather than Shamrock or Amarillo, and has already been inspected by the parties. Exh A. The Defendant tractor-trailer is not located in Shamrock nor Amarillo, but has been released since it has already been inspected and downloaded by the parties and an agreement was reached for its release. Exh. B. There would never be a need to inspect this evidence in Shamrock or Amarillo.

    b. The Plaintiffs are located in Ohio and their counsel is located in Corpus Christi, Texas. While it is likely Plaintiffs' depositions would be taken in Ohio, if they needed to be taken in the venue of the lawsuit, and for the purposes of appearance at trial, Dallas is a direct flight from Ohio, whereas there are no direct flights from Ohio to Amarillo. *See* Exh. C.

    c. The Defendants are located in Fresno, California and their counsel is located in Dallas. Whether Defendants' depositions are taken in California or Dallas, and for the purposes of appearance at trial, Dallas provides ease of access rather than Amarillo. There are no direct flights from Fresno, California to Amarillo, but there are direct flights

      from Fresno to Dallas.  *See* Exh. D.

d. It is likely that any experts retained by the parties in this case would have to fly from wherever they reside to testify at the trial of this cause. Based on travel research, Dallas, with two major airports, is more easily accessible and convenient from just about anywhere, than is Amarillo. *See* Exhs. C and D.

e. The only factors in favor of transfer would be the physical scene and location of Mr. Leighty's medical treatment.  However, the scene has been fully documented by the Dept. of Public Safety with photographs and data which have been requested by plaintiffs and can be produced to the defendants. Further, Mr. Leighty was only treated by Shamrock EMS via their transfer of him to the hospital and at Shamrock General Hospital for appoximately 10 minutes prior to his passing.  Records from both medical providers have been obtained by Plaintiffs and can be produced to Defendants. Any depositions of law enforcement, first responders or medical providers (if taken at all) would likely be taken in Shamrock, Texas, which would be the case whether venue was in the Dallas Division or the Amarillo Division. Additionally, with the exception of possibly the investigating offier, it is more likely than not, that any such depositions would be played by video at trial opposed to calling these witnesses live. Therefore, there is no travel inconvenience to these non-parties.

Location and ease of available proof is simply not "clearly more convenient" if the case is transerred to the Dallas division.

    **7.**    Next, the availability of compulsory process of attendance of witnesses

favors Dallas. Any and all witnesses or persons with knowledge associated with the defendants are located in California. The only witnesses requiring compulsory process in the Amarillo division would be the investigating officer and first responders; and as previously noted, it is highly unlikley that any such witnesses would be called live with the exception of the investigating officer.

**8.** In addition, the cost of attendance for willing witnesses is lower for travel to Dallas than Amarillo. *See* Exhs. D and E. Convenience to witnesses depends on issues of distance and cost. *In re Volkswagen of Am., Inc.*, ("Volkswagen II"), 545 F.3d 304 (5th Cir. 2008). In this case, the majority of the witnesses are located thousands of miles from Amarillo or Dallas, and it is more convenient to travel to Dallas than Amarillo. Again, movants have failed to show the lofty burden that this case is "clearly more convenient" in a different division. "[W]hen the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Id*. at 315.

   b. **Public Interest Factors**

**9.** The public interest factors support the Dallas Division venue. The administrative difficulties flowing from court congestion are insignificant. The Dallas Division is run efficiently and timely disposes of its cases. The addition of this case will not cause congestion. There is very little "local interest" in transferring the case to the Amarillo Division. None of the parties are from that area. The law firms representing the parties are not from that area, either. The only connection for local interest would be the place of the incident. The familiarity of the law is not an issue. Both divisions run very similarly under the umbrella of the Northern District and its local rules. Further, there is no conflict of law issue since both courts are Northern District courts and this is simply an analysis of a transfer from division to division.

## IV. CONCLUSION

10. Movants, Stone Truck Line, Inc. and Jarmanjit Singh have failed to meet their burden under the venue analysis to show that transfering this case to the Amarillo Division is "clearly more convenient." In contravention, Stone and Singh wish to have this case transferred for their own convenience, which is not allowed under a 1404(a) analysis. In fact "Courts should not transfer a case 'if the only practical effect is to shift the inconvenience from the moving party to the non-moving party." *Continental Airlines, Inc. v. Am. Airlines, Inc.*, 805 F. Supp 1392, 1398 (S.D. Tex. 1994). That is, if somehow moving this case to the Amarillo Division is even an issue that alleviates an inconvenience for a California defendant which has no connection to the area.

11. WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray the Court deny Defendants Stone Truck Line, Inc. and Jarmanjit Singh's Motion to Transfer Venue; enter an Order denying Defendants' Motion and maintaining the lawsuit in the Dallas Divison of the Northern District of Texas, and for such other and further relief to which Plaintiffs may show themselves to be justly entitled.

Respectfully submitted,

By: */s/ Reagan Sahadi*
R. Reagan Sahadi
State Bar Number 24042369
**SAHADI LEGAL GROUP**
414 S. Tancahua Street
Corpus Christi, TX 78401
E-mail: rsahadi@sahadilegal.com
e-filing@sahadilegal.com
Telephone: 361-760-3300
Fax: 361-760-3310

**ATTORNEY FOR PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

   I hereby cerify that I electroncillay filed the foregoing document with the Clerk of Court through the Court's CM/ECF system, which will send notification of filing to all counsel of record, on this the 16th day of December, 2019.

David L. Sargent
Martha M. Posey
SARGENT LAW, P.C.
1717 Main Street, Suite 4750
Dallas, Texas 75201
T:  214-749-6516 (Direct – David Sargent)
F:  214-749-6316
*Attorneys for Defendants Stone Truck Line, Inc.*
*and Jarmanjit Singh*

             By: ***/s/ Reagan Sahadi***
                R. Reagan Sahadi