IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES LEIGHTY, ASHLEE § | | |
| LIEGHTY and AMANDA HELTON, § | | |
| each INDIVIDUALLY, and AS HEIRS § | | |
| TO THE ESTATE OF ROBERT § | | |
| EUGENE LEIGHTY, DECEASED § | | |
| *Plaintiffs*, § | CIVIL ACTION NO. 3:19-cv-2615 | |
| § | | |
| v. § | | |
| § | | |
| STONE TRUCK LINE, INC. and § | | |
| JARMANJIT SINGH § | | |
| *Defendants.* § | | |

**DEFENDANTS STONE TRUCK LINE, INC. AND JARMANJIT SINGH'S REPLY TO PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTION TO TRANSFER VENUE**

**TO THE HONORABLE UNITED STATES MAGISTRATE JUDGE:**

**COME NOW**, Defendants Stone Truck Line, Inc. and Jarmanjit Singh ("Defendants") in the above entitled and numbered case, and files this their Reply to Plaintiffs' Response in Opposition of Defendants Stone Truck Line, Inc. and Jarmanjit Singh's Motion to Transfer Venue (ECF No. 15) and Brief (ECF No. 16) and would respectfully shows the Court as follows:

**I.   ARGUMENT IN REPLY**

1.     Parties agree that three of the eight factors, used to analyze the appropriateness of a request to transfer venue, are neutral.[1] Analysis of the remaining five *Gilbert* factors weigh in favor of a transfer to the Amarillo Division of the Northern District of Texas. In the interest of justice and for the convenience of the parties and non-party witnesses in this lawsuit, this Court

---

[1] The three factors agreed to as neutral include: (1) the administrative difficulties flowing from court congestion; (2) the familiarity of the forum with the law that will govern the case; and (3) the avoidance of unnecessary problems of conflict of laws of the application of foreign law. *See* Plaintiffs' Brief in Opposition to Defendants Motion to Transfer Venue (*herein after* " Pls. Brief in Opp.") [ECF No. 16], ¶ 9; and Defendants' Brief in Support of Motion to Transfer Venue (*herein after* "Defs. Brief in Support") [ECF No. 7], ¶¶ 31, 33—34.

should transfer Plaintiffs' claims from the Dallas Division to the Amarillo Division of the Northern District of Texas, which is more convenient for the parties and non-party witnesses, and the proper division given the location of the incident made the basis of this lawsuit.

## II.  ARGUMENT & AUTHORITIES

2.  Defendants seek transfer of the lawsuit to the Amarillo Division of United States District Court for the Northern District of Texas pursuant to 28 U.S.C. § 1404(a). Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

3.  A defendant requesting transfer must show that the court would best serve the interests of convenience and justice by granting the transfer. *See Wolf Designs, Inc. v. Donald McEvoy Ltd., Inc.*, 355 F. Supp. 2d 848, 851 (N.D. Tex. 2005). In examining the convenience to parties and witnesses and whether the transfer is in the interest of justice, the court considers a mix of public and private factors. *In re Volkswagen of America,* 545 F.3d 304, 315 (5th Cir. 2008) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n. 6, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). The private interest factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Id*. The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law. *Id.*

A. **The Private Interest Factors Weigh in Favor of the Amarillo Division**

 a. **Relative ease of access to sources of proof favors a transfer to the Amarillo Division.**

4. Accessibility and location of sources of proof weighs in favor of transfer, especially in cases such as this where the "collision site" and "physical evidence related to the accident" are located in or around Shamrock, Wheeler County in the Amarillo Division. *See Wylie*, 2013 WL 5729810, at *4. "That access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous." *In re Volkswagen of America,* at 316.

5. Plaintiffs' assert that the vehicle inspections, which have already been conducted, location of parties in Ohio and California, and the location of various experts weigh in favor of the Dallas Division. Pls. Brief in Opp. [ECF No. 16], ¶ 6. Further, Plaintiffs contend that the incident scene and witnesses are not relevant to this factor. Pls. Brief in Opp. [ECF No. 16], ¶ 7. However, the relative ease of access to source of proof, in this matter, hinges on the location of the incident, physical evidence from the investigating officer, wrecker services, first responders and other medical providers, which all reside in the Amarillo Division. Plaintiffs' assertions denote this factor would be neutral as proof of the incident made the basis of this lawsuit resides in multiple locations. However, access to sources of proof clearly favors the Amarillo Division.

 b. **Availability of process to compel the presence of unwilling witnesses favors a transfer to the Amarillo Division.**

6. This factor heavily favors transfer because the vast majority, if not all, of the relevant non-party witnesses in this case are more than 300 miles from the Dallas Division, and are thus outside of the subpoena power of this Honorable Court. *See* Fed. R. Civ. P. 45 (c). Plaintiffs assert that this factor favors the Dallas Division, noting that persons and witnesses with knowledge of Defendants are located in California. Pls. Brief in Opp. [ECF No. 16], ¶ 7. However,

California residents would be outside of the Court's compulsory power and irrelevant to this factor. The non-party witnesses—specifically the investigating officer, first responders and emergency medical services (EMS), wrecker services, and others with knowledge regarding the weather and road conditions at the time of accident on September 12, 2019—are located in and around Shamrock, Texas and within the Amarillo Division's subpoena power. Plaintiffs contend that there will be little to no need for compulsory process of non-party witnesses. Pls. Brief in Opp. [ECF No. 16], ¶ 7. This assertion is not shared by Defendants who have not yet conducted all investigation, discovery, or interviews with potential witnesses who may be called to testify live at trial.

7. The accident location in Shamrock, Wheeler County, Texas is less than approximately 100 miles from Amarillo (but is approximately 300 miles from Dallas). Accordingly, these witnesses would more likely be within the subpoena power of courts within the Amarillo Division. In the n the interest of justice and for the convenience of the parties and non-party witnesses in this lawsuit, this Court should transfer Plaintiffs' claims from the Dallas Division to the Amarillo Division of the Northern District of Texas.

    c. **Cost of attendance of witnesses and trial expenses, and all other practical problems favor a transfer to the Amarillo Division.**

8. The cost of obtaining the attendance of the various nonparty witnesses weighs in favor of trial in Amarillo. Where the "distance between an existing venue for trial of a matter and a proposed venue under 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be travelled." *In re Volkswagen AG*, 371 at 204-05. The investigating officer, and almost all non-party witnesses will be located either in or around the city of Shamrock or in Wheeler County (which is located in the Amarillo

Division). Venue is considered convenient where the majority of the witnesses are located. *Shoemaker v. Union Pacific R.R. Co.*, 233 F. Supp. 2d 828, 832 (E.D. Tex. 2002).

9. Plaintiffs contend that a majority of the witnesses are located thousands of miles from Amarillo and Dallas, Texas. Pls. Brief in Opp. [ECF No. 16], ¶ 8. This assertion is based on the location of Plaintiffs—in Ohio—and Defendants—in California—and notes the additional travel expenses and flight times for Amarillo opposed to Dallas. Pls. Brief in Opp. [ECF No. 16], ¶¶ 6, 8. However, this assertion fails to address the numerous non-party witnesses whose participation may be necessary to ensure that justice may be done. Witnesses—including the investigating officer, first responders and EMS, wrecker services, and others with knowledge regarding the weather and road conditions—would likely reside in and around Shamrock, Wheeler County, and would certainly benefit from the case being transferred to Amarillo.

10. "It is the convenience of non-party witnesses . . . that is the more important factor and is accorded greater weight in a transfer of venue analysis." *See Wylie v. Style Crest Enter., Inc.*, 2013 WL 5729810, at *3 (N.D. Tex. October 22, 2013, Horan, J.). Most, if not all of the non-party witnesses will be located in and around the city of Shamrock and Wheeler County, Texas. It is therefore far more convenient for the Plaintiffs, Defendants, and any non-party witnesses to litigate in the Amarillo Division, traveling less than 100 miles opposed to over 300 miles to the Dallas Division. This factor weighs in favor of transferring this matter to the Amarillo Division.

### B. The public factors weigh in favor of transfer to the Amarillo Division.

#### a. There will be no administrative difficulty caused by court congestion.

11. There is no indication that the Amarillo Division is significantly more congested than the Dallas Division. This factor neither weighs against nor in favor of transfer. All parties have noted that this factor is neutral.[2]

#### b. There is a local interest in adjudicating this dispute in the Amarillo Division.

12. The local interest factor weighs in favor of the transfer to the Amarillo Division of the Northern District, as the Dallas Division has no interest in adjudicating a lawsuit to which it has no connection. *In re Radmax, Ltd.*, 720 F3d at 290. None of the parties or non-party witnesses likely reside in the Dallas Division, and none of the complained-of conduct occurred in the Dallas Division. In contrast, the Amarillo Division does have a local interest in the dispute as the accident occurred within the Amarillo Division, key non-party witnesses—including the investigating officers, paramedics, and hospital personnel—reside within the Amarillo Division. *See In re Volkswagen of America*, 545 F.3d 304, 317—18 (5th Cir. 2008).

13. Even presuming that Plaintiffs contention that the "only connection for local interests would be the place of the incident," this factor still weighs in favor of a transfer to the Amarillo Division. Pls. Brief in Opp. [ECF No. 16], ¶ 9. The Amarillo Division has a local interest in adjudicating this dispute.

#### c. Both divisions are familiar with the forum and the governing law.

14. Both Divisions are familiar with the law that will govern the case. This factor neither weighs against nor in favor of transfer. All parties have noted that this factor is neutral.[3]

---

[2] *See* Pls. Brief in Opp. [ECF No. 16], ¶ 9; and *see* Defs. Brief in Support [ECF No. 7], ¶ 31.
[3] *See* Pls. Brief in Opp. [ECF No. 16], ¶ 9; and *see* Defs. Brief in Support [ECF No. 7], ¶ 33.

      **d.   There is no conflict of law issue.**

15.   At this early stage of the litigation, there appears to be no problem with conflict of laws, in that the rules and laws applied will be essentially the same in either division.  Therefore, this factor neither weighs against nor in favor of transfer. All parties have noted that this factor is neutral.[4]

### III.   PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendants Stone Truck Line, Inc. and Jarmanjit Singh respectfully pray that the Court (1) grant its *Motion to Transfer Venue* and enter an order transferring venue of the suit to the Amarillo Division of the Northern District; and (2) for such other and further relief to which it may be entitled under law and equity.

Respectfully submitted,

By:   /s/ *David L. Sargent*
     **DAVID L. SARGENT**
     State Bar No. 17648700
     david.sargent@sargentlawtx.com
     **MARTHA M. POSEY**
     State Bar No. 24105946
     martha.posey@sargentlawtx.com

**SARGENT LAW, P.C.**
1717 Main Street, Suite 4750
Dallas, Texas 75201
(214) 749-6516 (direct – David Sargent)
(214) 749-6316 (fax – David Sargent)

**ATTORNEYS FOR DEFENDANTS STONE TRUCK LINE, INC. AND JARMANJIT SINGH**

---

[4] *See* Pls. Brief in Opp. [ECF No. 16], ¶ 9; and *see* Defs. Brief in Support [ECF No. 7], ¶ 34.

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 30th day of December 2019, a true and correct copy of the foregoing document was served via ECF to Plaintiff's attorneys of record:

R. Reagan Sahadi
Sahadi Legal Group
414 S. Tancahua Street
Corpus Christi, Texas 78401

/s/ *David L. Sargent*
**DAVID L. SARGENT**

2060028 v.1