IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JAMES LEIGHTY, et al., | § § § | |
| Plaintiffs, | § § | 2:20-CV-4-Z-BR |
| v. | § § | |
| STONE TRUCK LINES INC. and JARMANJIT SINGH, | § § § | |
| Defendants. | § | |

## ORDER TO PROPERLY ALLEGE CITIZENSHIP

Plaintiffs' complaint, filed November 4, 2019 appears to predicate subject matter jurisdiction upon diversity of citizenship, 28 U.S.C. § 1332, but fails to properly allege the parties' citizenship for the following reasons:

- ☐  Failure to distinctly and affirmatively allege parties' citizenship as opposed to pleading parties' citizenship "on information and belief." *See Pennie v. Obama*, 255 F. Supp. 3d 648, 671 (N.D. Tex. 2017).

- ☒  Failure to allege individual's citizenship as opposed to state of residency. *See Realty Holding Co. v. Donaldson*, 268 U.S. 398, 399 (1925) (allegations of residency, rather than of citizenship, are inadequate to invoke court's jurisdiction).

- ☐  Failure to allege corporation's state of incorporation. *See Ill. Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 637 (5th Cir. 1983) (holding that "a complaint properly asserting diversity jurisdiction must state both the state of incorporation *and* the principal place of business of each corporate party").

- ☒  Failure to allege corporation's principal place of business. *See id.*

- ☐  Failure to allege citizenship of all members of limited liability company; citizenship (not residency) of individual members of the limited liability company must be pleaded pursuant to the above rule, and members that are business entities must be pleaded pursuant to the respective rules provided in this order. *See Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017) ("A party seeking to establish diversity jurisdiction must specifically allege the

    citizenship of every member of every LLC or partnership involved in a litigation."); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) ("All federal appellate courts that have addressed the issue have reached the same conclusion: like limited partnerships and other unincorporated associations or entities, the citizenship of a LLC is determined by the citizenship of all of its members."); s*ee also Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam) ("To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company[.]").

☐   Failure to allege citizenship (not residency) of all limited partners of a limited partnership. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990).

☐   Failure to identify and plead citizenship (not residency) of each trustee of a trust. *See Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464-65 (1980) (the citizenship of a trust is based on each trustee who is a real party in interest).

☐   Failure to plead the state in which a national bank's main office is located. *See* 28 U.S.C. § 1348; *see also Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006) ("[A] national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located.").

☐   Failure to plead the citizenship (not residency) of each of an unincorporated insurance association's underwriters. *See Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993).

☐   Failure to distinctly and affirmatively allege Defendant's citizenship (not residency). *See Getty Oil Corp., Div. of Texaco, Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (holding that allegation that defendant was not citizen of particular states did not establish citizenship for diversity purposes).

☒   Failure to allege that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

Specifically, Plaintiffs must:

1. Plead the state or states of which Plaintiffs are citizens as opposed to their state or states of residency;

2. Plead Defendant Stone Truck Lines Inc.'s principal place of business; and

3. Plead the amount in controversy exceeds the sum or value of $75,000, *exclusive of interest and costs*.

Additionally, to the extent any of the pleading requirements listed in this Order but not specifically set forth herein may still apply in the course of amending the complaint, Plaintiffs shall comply with the pleading requirements. Until Plaintiffs properly alleges the parties' citizenship, this Court is not shown to have subject matter jurisdiction. *See Am. Motorists Ins. Co. v. Am. Emp'rs' Ins. Co.*, 600 F.2d 15, 16 (5th Cir. 1979) (per curiam). Accordingly, no later than twenty-one (21) days from the date of this Order, Plaintiffs must file an amended complaint that alleges diversity of citizenship, in conformity with 28 U.S.C. § 1332; otherwise, this action will be dismissed without prejudice for want of subject matter jurisdiction.

IT IS SO ORDERED.

ENTERED February 6, 2020.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE