IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JAMES LEIGHTY, ASHLEE LIEGHTY and AMANDA HELTON, each INDIVIDUALLY, and AS HEIRS TO THE ESTATE OF ROBERT EUGENE LEIGHTY, DECEASED<br><br>　　　　Plaintiffs<br><br>VS.<br><br>STONE TRUCK LINES INC. and JARMANJIT SINGH<br><br>　　　　Defendants | §§§§§§§§§§§§§§ | Civil Action No. 2:20-CV-00004-Z-BR |

**PLAINTIFFS' FIRST AMENDED ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

NOW COME JAMES LEIGHTY, ASHLEE LIEGHTY and AMANDA HELTON, each INDIVIDUALLY, and AS HEIRS TO THE ESTATE OF ROBERT EUGENE LEIGHTY, DECEASED, Plaintiffs, and for cause of action would respectfully show the following:

## I. THE PARTIES

**A.   PLAINTIFFS**

1.   Plaintiff, JAMES LEIGHTY, is a citizen of the United States, and specifically, a citizen of the State of Ohio, residing in Fulton, Morrow County, Ohio. James Leighty is the surviving son of Robert Eugene Leighty, Deceased (a citizen of the State of Ohio at the time of his death). James Leighty brings suit herein in his individual capacity and as an heir to the estate of Robert Eugene Leighty, Deceased for the wrongful death of his father.

2.   Plaintiff, ASHLEE LEIGHTY, is a citizen of the United States, and specifically, a citizen of the State of Ohio, residing in Marion, Marion County, Ohio.

Ashlee Leighty is a surviving daughter of Robert Eugene Leighty, Deceased (a citizen of the State of Ohio at the time of his death). Ashlee Leighty brings suit herein in her individual capacity and as an heir to the estate of Robert Eugene Leighty, Deceased for the wrongful death of her father.

3. Plaintiff, AMANDA HELTON, is a citizen of the United States, and specifically, a citizen of the State of Ohio, residing in La Rue, Marion County, Ohio. Amanda Helton is a surviving daughter of Robert Eugene Leighty, Deceased (a citizen of the State of Ohio at the time of his death). Amanda Helton brings suit herein in her individual capacity and as an heir to the estate of Robert Eugene Leighty, Deceased for the wrongful death of her father.

**B.  DEFENDANTS**

4. Defendant, STONE TRUCK LINES INC. (hereinafter, STONE TRUCK) is a corporation formed under the laws of the State of California, having its principal place of business now, and at the time this action was commenced, in the state of California. Defendant Stone Truck Lines Inc. is now, and was at the time this action was commenced, a citizen of the State of California and of no other state. Service of process will be made upon this Defendant's registered agent, Kevin Grant, 8080 N. Palm Ave., Fresno, California 93711. This Defendant has answered and appeared herein.

5. Defendant, JARMANJIT SINGH, (hereinafter SINGH) is was a citizen of California at the time this action was filed. Consequently, Defendant Jarmanjit Singh was at the time this action was commenced, and is currently, a citizen of the State of California and no other state. This Defendant may be served at his last known address which is 6826 W. Sapphire Drive, Fresno, CA 93722. This Defendant has answered and appeared herein.

## II. JURISDICTION AND VENUE

6. The Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(1) because Plaintiffs and Defendants are citizens of different U.S. states (Ohio and California), and the amount in controversy exceeds $75,000, excluding interest and costs.

7. This is a negligence and wrongful death cause of action arising out of a motor vehicle collision occurring in Wheeler County in the Northern District of Texas. Venue is proper in the Northern District of Texas pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## III. FACTS

8. The tractor-trailer in question is a 2016 Freightliner truck-tractor bearing vehicle identification number (VIN) 3AKJGLD57GSGT9671 and was towing a 2012 Utility Trailer Mfg trailer bearing VIN 1UYVS2539CU256635.

9. At the time of the incident in question, the tractor-trailer in question was owned or leased by Defendant Stone Truck and being operated by Defendant Singh.

10. This suit arises out of a motor vehicle incident, which occurred on or about September 12, 2019. On this date, Robert Eugene Leighty was operating his 2004 Harley-Davidson motorcycle eastbound in the right lane of Interstate 40 in Wheeler County, Texas.

11. At this same time, the tractor-trailer in question, being operated by Defendant Singh with faulty brakes, was also traveling eastbound in the right lane of I-40, when it struck and caught Mr. Leighty and his motorcycle underneath it, causing severe bodily injury to Mr. Leighty, which resulted in his death and the damages to Plaintiffs.

## IV. NEGLIGENCE OF STONE TRUCK, LLC (STONE TRUCK)

12. Plaintiffs incorporate by reference each and all of the allegations contained in paragraphs 1 – 11 of this Complaint as though fully set forth herein.

13. At the time of the incident in question, Stone Truck was the owner/operator of the tractor-trailer in question being driven by Defendant Singh.

14. At the time of the incident in question, Singh was under the control of Stone Truck, as an employee and/or agent of Stone Truck and was acting within the course and scope of his employment.

15. Therefore, Stone Truck is vicariously responsible for the negligence and negligence *per se* of Singh based on the theory of *Respondeat superior*.

16. Plaintiffs further assert and allege at the time of the collision made the basis of this suit that Defendant Stone Truck was guilty of various acts and/or omissions which constituted negligence, including, but in no way limited to, the following, each of which singularly or in combination with others, was a proximate cause of the occurrence in question:

   a. failing to properly train Singh;

   b. failing to properly supervise Singh;

   c. failing to properly implement appropriate policies and procedures;

   d. failing to ensure Singh was in the appropriate condition to be safely operating a commercial motor vehicle;

   e. entrusting a commercial motor vehicle to Singh;

   f. failing to provide proper and/or adequate training with respect to safe operation of a commercial motor vehicle;

   g. failing to ensure the safety of others through proper training;

   h. failing to properly monitor drivers to ensure proper documentation of compliance with statutes and regulations governing the safe operation and use of commercial motor vehicles;

   i. creating a danger to the public, of which it had specific knowledge, and then failing to protect the public from that danger;

   j. negligently exercising control on Singh;

   k. having superior knowledge of specific risk and specific danger and failing to guard against it; and

   l. failing to properly maintain the tractor-trailer in question, including but not limited to the brakes on said tractor-trailer.

 17. Each and all of the above mentioned acts of omission and/or commission constituted negligence and were a proximate cause of the injuries and damages to Plaintiffs and for which Plaintiffs hereby seek recovery.

## V. NEGLIGENCE OF JARMANJIT SINGH (SINGH)

 18. Plaintiffs incorporate by reference each and all of the allegations contained in paragraphs 1 – 17 of this Complaint as though fully set forth herein.

 19. At the time and on the occasion in question, Defendant Singh, while operating the tractor-trailer in question within the course and scope of his employment for Defendant Stone Truck and while operating said vehicle for and on behalf of and with Defendant Stone Truck's permission, failed to use ordinary care by various acts and omissions, each of which singularly or in combination with others, was a proximate cause of the occurrence in question:

   a. in failing to keep a proper lookout;

   b. in failing to pay attention to the roadway;

   c. in becoming distracted while driving;

      d.      in operating the tractor-trailer in question in a careless and heedless fashion on the roadway as to endanger other persons using the roadway;

      e.      in failing to abide by the proper rules and regulations concerning the use and management of a commercial motor vehicle; and

      f.      in failing to operate a commercial motor vehicle in a reasonable and prudent manner.

20. Each and all of the above foregoing acts of omission and/or commission constituted negligence, and gross negligence and were a proximate cause of the injuries and damages to Plaintiffs and for which Plaintiffs now seek recovery.

## VI. GROSS NEGLIGENCE AND MALICE AGAINST DEFENDANTS

21. Plaintiffs incorporate by reference each and all of the allegations contained in Paragraphs 1 through 20 of this Complaint as though fully set forth herein.

22. Plaintiffs further assert and allege Stone Truck's acts of omission and/or commission collectively and/or severally constituted gross negligence in that this Defendant acted with conscience indifference to the rights, safety, or welfare of the Plaintiffs' Decedent in instructing and permitting Singh to operate the tractor-trailer in question with an extreme degree of risk to all persons traveling on Texas roadways on the day in question, which such degree of risk manifested itself on Plaintiffs' Decedent and Plaintiffs herein.  This wanton and conscious indifference constituted gross negligence and was a proximate cause of the collision made the basis of this suit, and of the injuries and death of Plaintiffs' Decedent and the damages suffered by Plaintiffs.

23. Plaintiffs further assert and allege that the acts of omission and/or commission of Singh collectively and/or severely constituted gross negligence in that this Defendant acted with conscience indifference to the rights, safety, or welfare of the Plaintiffs' Decedent in operating the tractor-trailer in question in a careless and heedless fashion on the roadway as to endanger other persons using the roadway.  Such conduct

by Singh created an extreme degree of risk to all persons traveling on Texas roads, which degree of risk manifested itself on Plaintiffs' Decedent and Plaintiffs herein. This wanton and conscious indifference constituted gross negligence and was a proximate cause of the collision made the basis of this suit, and of the injuries and death of Plaintiffs' Decedent and the damages suffered by Plaintiffs.

### VII. DAMAGES

24. Plaintiffs incorporate by reference each and all of the allegations contained in Paragraphs 1 through 23 of this Complaint as though fully set forth herein.

25. Nearly all of the elements of damages for personal injury and wrongful death are unliquidated and, therefore, not subject to precise computation. Plaintiffs seek to recover damages in amounts that the jury finds the evidence supports and that the jury finds to be appropriate under all of the circumstances.

26. Decedent Robert Eugene Leighty was 59 years old at the time of his death. He was in good health with a reasonable life expectancy of many years. During his lifetime, Decedent was a good, caring father, who gave comfort, support and companionship to his children. In all reasonable probability, he would have continued to do so for the remainder of his natural life.

27. As a result of the incident in question, the Estate of Robert Eugene Leighty sustained damages in the form of physical pain and suffering and mental anguish suffered by Robert Eugene Leighty prior to his death.

28. As a result of the incident in question and the death of Robert Eugene Leighty, the Estate of Robert Eugene Leighty sustained damages in the form of the necessary and reasonable expense of medical care and treatment of Robert Engene Leighty prior to his death.

29. As a result of the incident in question and the death of Robert Eugene Leighty, the Estate of Robert Eugene Leighty sustained damages in the form of reasonable funeral and burial expenses suitable to Robert Eugene Leighty's station in life.

30. As a result of the incident in question and the death of Robert Eugene Leighty, his surviving adult son, James Leighty, has suffered pecuniary damages.

31. As a result of the incident in question and the death of Robert Eugene Leighty, his surviving adult son, James Leighty, has suffered mental anguish.

32. As a result of the incident in question and the death of Robert Eugene Leighty, his surviving adult son, James Leighty, has suffered loss of companionship and society.

33. As a result of the incident in question and the death of Robert Eugene Leighty, his surviving adult daughter, Ashlee Leighty, has suffered pecuniary damages.

34. As a result of the incident in question and the death of Robert Eugene Leighty, his surviving adult daughter, Ashlee Leighty, has suffered mental anguish.

35. As a result of the incident in question and the death of Robert Eugene Leighty, his surviving adult daughter, Ashlee Leighty, has suffered loss of companionship and society.

36. As a result of the incident in question and the death of Robert Eugene Leighty, his surviving adult daughter, Amanda Helton, has suffered pecuniary damages.

37. As a result of the incident in question and the death of Robert Eugene Leighty, his surviving adult daughter, Amanda Helton, has suffered mental anguish.

38. As a result of the incident in question and the death of Robert Eugene Leighty, his surviving adult daughter, Amanda Helton, has suffered loss of companionship and society.

### VIII. PRE-JUDGMENT AND POST-JUDGMENT INTEREST

39. Plaintiffs incorporate by reference each and all of the allegations contained in Paragraphs 1 through 38 of this Complaint as though fully set forth herein.

40. Plaintiffs seek pre-judgment and post-judgment interest as allowed by law.

### IX. JURY DEMAND

41. Plaintiffs request a trial by jury for all issues of fact.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein, that this cause be set down for trial before a jury, and that Plaintiffs recover judgment of and from the Defendants for their actual and exemplary damages, jointly and severally, in such amount as the evidence may show and the jury may determine to be proper, together with the prejudgment interest, post-judgment interest, costs of suit, and such other and further relief to which they may show themselves to be justly entitled.

Respectfully submitted,

By: */s/ Reagan Sahadi*
R. Reagan Sahadi
State Bar Number 24042369
**SAHADI LEGAL GROUP**
414 S. Tancahua Street
Corpus Christi, TX 78401
E-mail: rsahadi@sahadilegal.com
e-filing@sahadilegal.com
Telephone: 361-760-3300
Fax: 361-760-3310

**ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

  I hereby cerify that I electronically filed the foregoing document with the Clerk of Court through the Court's CM/ECF system, which will send notification of filing to all counsel of record, on this the 11th day of February, 2020.

David L. Sargent
Martha M. Posey
SARGENT LAW, P.C.
1717 Main Street, Suite 4750
Dallas, Texas 75201
T:  214-749-6516
F:  214-749-6316
david.sargent@sargentlawtx.com
martha.posey@sargentlawtx.com
*Attorneys for Defendants Stone Truck Lines Inc.*
*and Jarmanjit Singh*

            By: **/s/ Reagan Sahadi**
               R. Reagan Sahadi