IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

JAMES LEIGHTY, ASHLEE LIEGHTY      §
and AMANDA HELTON, each            §
INDIVIDUALLY, and AS HEIRS TO THE  §
ESTATE OF ROBERT EUGENE            §
LEIGHTY, DECEASED                  §
                                   §
          Plaintiffs               §
                                   §    Civil Action No. 2:20-CV-00004-Z-BR
VS.                                §
                                   §
STONE TRUCK LINES INC. and         §
JARMANJIT SINGH                    §
                                   §
          Defendants               §

## JOINT PROPOSED SCHEDULING ORDER AND DISCOVERY PLAN

**TO THE HONORABLE UNITED STATES MAGISTRATE JUDGE:**

In accordance with Federal Rule of Civil Procedure 16(b) and 26(f), and pursuant to the Court's February 7, 2020 Order to Submit Joint Proposed Scheduling Order and Setting Rule 16 Scheduling Conference [Dkt. 23], the parties submit this Joint Proposed Scheduling Order and Discovery Plan.

On February 14, 2020, the parties conferred as required and discussed the matters presented herein.

A.   *Required Contents*

1.   **A brief staement of the nature of the case, including the contentions of the parties.**

This lawsuit arises out of a motor vehilce incident on or about September 12, 2019, on Interstate 40, in Wheeler County, Texas.

Plaintiffs James Leighty, Ashlee Leighty and Amanda Helton, the adult children of Robert Eugene Leighty, Deceased, filed this lawsuit for their individual claims and

collectively as heirs to their father's estate, against Defendants Stone Truck Lines Inc and Jarmanjit Singh.  Plaintiffs allege Defendant Singh, while driving a Stone Truck Lines Inc tractor-trailer in the course and scope of his employment with Stone Truck Lines Inc., struck and killed Robert Eugene Leighty, who was operating his motorcycle at the same time on Intersate 40. Plaintifs contend various acts of negligence and gross negligence by Defendants, as alleged in Plaintiffs' most current Complaint, were a proximate cause of the occurrence in question, and which resulted in Plaintiffs' damages.

Defendants Stone Truck Line, Inc. and Jarmanjit Singh ("Defendants") filed an Answer and Affirmative Defenses, including comparative responsibility of Plaintiff Robert Eugene Leighty, sudden emergency, and unavoidable accident. Further answering, Defendants contend that Plaintiffs James Leighty, Ashlee Lieghty, and Amnada Helton's claims of pecuniary damages, loss of companionship and society, and mental anguish in this cause, if any, were, in whole or in part, proximately caused solely and/or proximately by prior and/or subsequent accidents, events, or occurrences. Defendants further contend that Plaintiffs' claims for exemplary damages, if any, are controlled by and limited by § 41.008 of the Texas Civil Practice and Remedies Code.

**2.**   **Any challenge to jurisiction or venue.**

There are no challenges to jurisdiction or venue.

**3.**   **A statement as to the likelihood that other parties will be joined.**

The parties do not anticipate at this time that other parties will be joined.

**4.**   **Proposed time deadlines.**

a.  to join other parties:

   **July 4, 2020**

b.  for parties seeking affirmative relif to designate expert witnesses:

   **September 28, 2020**

c.  for parties seeking affirmative relief to make expert disclosures required by Rule 26(a)(2):

   **September 28, 2020**

d.  for parties opposing affirmative releif to designate expert witnesses:

   **October 28, 2020**

e.  for parties opposing affirmative relief to make the expert disclosures required by Rule 26(a)(2):

   **October 28, 2020**

f.  for all parties to designate rebuttal expert witnesses:

   **November 28, 2020**

g.  to object to the qualifications and/or competency of experts (i.e., Daubert and similar motions):

   **December 21, 2020**

h.  to amend the pleadings:

   **September 28, 2020**

i.  to mediate the case:

   **December 21, 2020**

j.  to complete discovery:

   **December 21, 2020**

k.  to file dispositive motions, including motions for summary judgment:

   **October 30, 2020**

l.  to file all other motions except motions in limine:

December 21, 2020

m. for filing Rule 26(a)(3) disclosures:

January 8, 2021

5.    **The parties' views and proposals on each of the matters listed in Rule 26(f)(3)(A)-(F).**

*(A)    What changes should be made in the timing, form, or requirements for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.*

No objections are anticipated by Parties. Parties agree that Rule 26(a)(1) disclosure will be made on or before March 10, 2020.

*(B)    The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.*

The Parties agree that discovery will be needed on the facts of the accident, the circumstances that caused the accident, the background of the Parties, the extent of Plaintiffs' injuries including all claims for damages and the basis for those claims. As of the time of conference, Plaintiffs reserve the right to pursue full discovery and Defendants reserve the right to pursue full discovery.

The Parties do not believe at the present time that there is a need for any special accommodations for discovery conducted in this case.  Parties agree that discovery is to be conducted pursuant to the Federal Rules of Civil Procedure, Federal Rules of Evidence, and in accordance with the deadlines extablished by the Court's Scheduling Order.

*(C)    Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.*

The Parties do not anticipate any such issues at this time. Should issues be identified during the discovery process, the Parties will engage in good faith

efforts to resolve same and reach an agreement regarding same. If the Parties are unable to reach an agreement, the Parties will approach the Court, in accordance with Federal Rule of Civil Procedure 37(a)(2).

The Parties agree that discovery should be produced in electronic form, and agree to accept service by electronic mail, including the use of ShareFile or similar secure forms to produce large electronic files not transferable through electronic mail.

*(D)*     *Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.*

The Parties do not anticipate any such issues at this time. The Parties will engage in good faith efforts to reach an agreement regarding same and submit the proposed Protective Order/Confidentiality Agreement to the Court for the Court's consideration and ruling. If the Parties are unable to reach an agreement, the Parties will approach the Court.

*(E)*     *What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.*

The Parties are not aware of any such changes at this time.

*(F)*     *Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) or (c).*

The Parties are not aware of any such changes at this time.

**6.**     **Under separate headings, the parties shall include:**

*a.*     *The parties position on Magistrate Judge's Role.*

The Parties agree to have the Magistrate Judge conduct all pretrial proceedings in this case (rather than issuing findings of fact and/or conclusions of law and

recommendations on case-dispositive motions) while still reserving their right to jury trial in front of a District Judge. Parties have made a Jury Demand.

b.   *The current status of settlement negotiations.*

The Parties anticipate that they will engage in informal settlement negotiations as the case proceeds forward. The Parties propose mediation be ordered in the event informal negotiations are not successful. Counsel believe that some written discovery and depositions may be helpful for the Parties to evaluate their respective positions prior to mediation.

c.   *Ready for Trial Date.*

Parties anticipate a trial date in late January 2021, with an estimate of 4-5 days needed for trial.

d.   *Local Counsel Status.*

Plaintiffs have obtained Tim Newsom, of the firm of Young & Newsom, PC, as local counsel.  Mr. Newsom filed his Notice of Appearance February 19, 2020 [ECF No. 28].

Defendants do not require local counsel, under Rule 83.10(a), and their current representation resides and maintains their principal office In the Northern District of Texas.

e.   *Certificate of Interested Parties Status.*

Plaintiffs filed their Certificate of Interested Persons on November 2, 2019 [ECF No. 1-2]; Defendants filed their Certificate of Interested Persons on November 26, 2019 [ECF No. 10];

7.   **Whether one or all parties believes a status conference is necessary before the Court enters its Scheduling Order, and if a party believes a status conference is necessary, the reasons(s) for the status conference.**

Parties do not believe that a conference with the Court is required in this matter.

8. **Any information the parties believe may help the Court in setting a schedule for the case.**

None.

**B.** *Permitted Contents*

1. **Proposed modifications of the timing of disclosures under Rule 26(a) and Rule 26(e)(1).**

Parties request that Rule 26(a)(1) disclosure be made on or before March 10, 2020. The Parties do not request any modification of the timing of Rule 26(e)(1) disclosures at this time.

2. **Proposed modifications of the extent of discovery otherwise permitted under the Rules.**

The Parties are not aware of any such changes at this time.

3. **Proposals for disclosure, discovery, or preservation of electronically stored information.**

The Parties agree that discovery should be produced in electronic form, and agree to accept service by electronic mail, including the use of ShareFile or similar secure forms to produce large electronic files not transferable through electronic mail.

4. **Any agreements the parties have reached for asserting claims of privilege or of protection as trial-preparation material after information is produced, including agreements reached under Fed. R. Evid. 502.**

The Parties do not anticipate any such issues at this time. The Parties will engage in good faith efforts to reach an agreement regarding same and submit the proposed Protective Order/Confidentiality Agreement to the Court for the Court's consideration and ruling. If the Parties are unable to reach an agreement, the Parties will approach the Court.

5. **A proposed procedure for requiring that, before moving for an order relating to discovery, the movant must request a conference with the Magistrate Judge.**

The Parties do not anticipate any such issues at this time. The Parties will engage in good faith efforts to reach an agreement regarding same and submit the proposed Protective Order/Confidentiality Agreement to the Court for the Court's consideration and ruling. If the Parties are unable to reach an agreement, the Parties will approach the Court.

**6.     Proposed dates for any pretrial conferences, if needed, for a final pretrial conference, and for trial, keeping in mind that if the parties have not consented to referral to the Magistrate Judge per paragraph 6.a. above, then the undersigned cannot set the dates referenced in this paragraph; nevertheless, those proposed dates will still be useful to the District Judge in determining a trial schedule for the case.**

The Parties request that a final pretrial conference be scheduled the week of January 11, 2021, and in conformance with the requested trial date in late January 2021 and the Court's jury trial calendar.

**7.     Proposals pertaining to any other appropriate matters.**

None.

Respectfully submitted,

By:  */s/ Reagan Sahadi*
R. Reagan Sahadi
State Bar Number 24042369
**SAHADI LEGAL GROUP**
414 S. Tancahua Street
Corpus Christi, TX  78401
E-mail:  rsahadi@sahadilegal.com
e-filing@sahadilegal.com
Telephone:  361-760-3300
Fax:  361-760-3310
AND
Tim Newsom
State Bar Number 00784677
**YOUNG & NEWSOM, PC**
1001 S. Harrison, Suite 200
Amarillo, TX 79101
Email: tim@youngfirm.com
Telephone:  806-331-1800
Fax:  806-398-9095
***ATTORNEYS FOR PLAINTIFFS***

*/s/ Martha M. Posey*
David L. Sargent
State Bar No. 17648700
Martha M. Posey
State Bar No. 24105946
**SARGENT LAW, P.C.**
1717 Main Street, Suite 4750
Dallas, Texas 75201
Email:  david.sargent@sargentlawtx.com
Email:   martha.posey@sargentlawtx.com
Telephone:  214-749-6516
Facsimile:  214-749-6316
*ATTORNEYS FOR DEFENDANTS STONE TRUCK LINES INC. AND JARMANJIT SINGH*

## CERTIFICATE OF SERVICE

I hereby cerify that the foregoing document was electronically filed with the Clerk of Court through the Court's CM/ECF system, which will send notification of filing to all counsel of record, on this the 19th day of February, 2020.

*/s/Reagan Sahadi.*
R. Reagan Sahadi